# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| DONNIE LEE ABERNATHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:19-cv-01156-KOB-HNJ |
| ) | |
| RANDY COLE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

The magistrate judge filed a report on October 6, 2020, recommending this action be dismissed without prejudice for failing to state a claim upon which relief can be granted and for seeking monetary relief from defendants who are immune from such relief, pursuant to 28 U.S.C. § 1915A(b). (Doc. 11). The plaintiff has filed objections to the report and recommendation. (Doc. 12).

The plaintiff argues that Judge Mobley and retired Judge Cole are not entitled to immunity because they acted outside of their jurisdiction with respect to the plaintiff's case. (Doc. 12 at 5–6). The magistrate judge recognized that although the plaintiff named Judge Mobley as a defendant in his case, the plaintiff made absolutely no factual allegations about him in his amended complaint. (Doc. 11 at 6–7). Accordingly, the plaintiff's objection as to Judge Mobley is without merit.

With respect to Judge Cole, the magistrate judge found:

> A judge acts in the clear absence of all jurisdiction when the matter on which he acts is clearly outside the subject matter jurisdiction of the court over which he presides. *See Dykes v. Hosemann*, 776 F.2d 942, 947–48 (11th Cir. 1985). Absolute immunity applies even when a judge's acts are erroneous or malicious and protects judges from suits for money damages. *Bolin*, 225 F.3d at 1239–42.

(Doc. 11 at 12). The magistrate judge went on to find that the plaintiff had made no allegations that Judge Cole acted "in the clear absence of all jurisdiction," which would warrant an exception to the judicial immunity doctrine. (*Id.* at 12–13). The court agrees.

The plaintiff argues that Judge Cole did not have jurisdiction over his case because the indictment was invalid. (Doc. 12 at 11–13). However, the plaintiff fails to support his argument with any evidence as to the invalidity of the indictments. The plaintiff's assertion that the signature on the indictment is not the grand jury foreman's signature is simply unsupported and conclusory. (Doc. 12 at 15; *See* Doc. 11 at 5, 10). Moreover, the plaintiff has attached an order entered by the Circuit Court of Cherokee County in which the court took "judicial knowledge of the fact that it charged the grand jury that returned the indictments in these cases that the concurrence of at least twelve grand jurors is necessary to find an indictment and that when twelve so concur, the indictment is endorse[d] a 'true bill' and signed by the foreman." (Doc. 12 at 17). The circuit court found that the indictments were

endorsed a "true bill" and signed by the foreman. (*Id.*).[1] The plaintiff's objection that "no record exist[s] that indictment was ever properly returned" is without merit.

At the conclusion of the plaintiff's objections, he states that he wants "to proceed against Judge Randy Cole and Bob Johnson in their individual, official capacity and dismiss all defendants." (Doc. 12 at 15). The plaintiff has failed to assert any objections to the magistrate judge's recommendation that Deputy District Attorney Bob Johnson be dismissed based on immunity. (Doc. 11 at 7–8, 15). Accordingly, the plaintiff's objection is OVERRULED.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections to it, the court ADOPTS the magistrate judge's report and ACCEPTS the recommendation. Therefore, in accordance with 28 U.S.C. § 1915A(b), this action is due to be dismissed without prejudice for failing to state a claim upon which relief can be granted and for seeking monetary relief from defendants who are immune from such suit.

The court will enter a separate Final Order.

---

[1] The plaintiff also attached the letter from his attorney stating "[t]he reason the Judge denied our motion [for the district attorney to make known the numerical vote of the grand jury with reference to the indictment] was that he had personal knowledge that at least twelve (12) people voted to indict you on capital murder." (Doc. 12 at 19).

DONE and ORDERED this 30th day of November, 2020.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE